on behalf of Timothy Ward. I don't usually do this, but having two arguments in a row on a similar topic, I'd like to just say, you know, the three sort of broader points I'd like to make, and then I'd like to address a point from the last argument, if I may. Mr. Ward notes that the language, the phrase, specific phrase, controlled substance in Section 4B1.2 of the Guidelines, his argument is that this refers to the federal controlled substances and not every single jurisdiction's controlled substances laws. Secondarily, he argues that Virginia Code 18.2248, Subsection C, is not divisible by a specific type of drug, by which I mean heroin or cocaine, as opposed to Schedule I or II. And thirdly, in this case, even if the court is inclined to find the statute divisible by a specific type of drug, by which I mean, you know, heroin, the government in this case did not meet its burden to introduce sufficient Shepherd documents such that his conviction must still be vacated. He is not a career offender, regardless, and that error was not harmless. So that's sort of my outline. If I may start with Judge Keenan's point, I would never propose that I know anything as much about the Virginia Supreme Court as Judge Keenan obviously does. I will say, though, Judge Keenan, I'd like to note, and on page, I think it's page 32 of our report, that if you're admitted in the Pritchett litigation, so you can take judicial notice, there are Virginia indictments that say Schedule I or II controlled substances. Kagan. Right, and they're defective under Virginia case law. And the case law that has been referenced in this litigation, the briefs in the other case were sealed. I could not read them, unfortunately, because it's an immigration case. Do you have a Virginia case that says it's sufficient to indict somebody for Schedule II, distribution of a Schedule II substance? No. The case you mentioned in the last argument, I have not – is not referenced in this litigation. I did not find that one. Right. So Sierra – We're talking about interpreting the guy's answer. Yes. So Sierra does not say that, but it doesn't say not that either, right? Right. So Sierra, as you know, says that men's – it's not – they don't have to prove mens rea as to, you know, heroin or cocaine specifically. I don't want to use the word type because I don't want to get into the, you know, repetitive argument with Judge Richardson – not argument, discussion with Judge Richardson. But so, again, in the – but it's my understanding, Judge Keenan, that I've not found like a needle in a haystack. And it may be that there are many counties in Virginia that are doing things in a deficient way, but to the extent that that's a rule of the Supreme Court of Virginia, it's not being followed broadly. My understanding is that different offices do it differently, and lots of indictments don't name the substance, and lots of them do. I think different offices have different practices. So our argument is that it cannot be that it has to be that the indictments have the name in them because there are many indictments that don't. And so to us, that is evidence. I will say it's the government's burden to show that a statute is – I'm sorry, that a prior makes the enhancement happen. But we have provided evidence that this is not an element, that the fact that something is heroin or cocaine is not an element of the offense in Virginia, and therefore the statute is not divisible. Also, I will say that the Virginia model jury instructions that I believe were referenced in Sierra, but also that we referenced in our brief, I believe it's model jury instruction in Virginia. It's not mandated by the Supreme Court, but it's a model. It's 22.340. It's referenced in our brief. It's – not my co-counsel, but the counsel in the prior case mentioned the brackets. One of the options under the brackets, Judge Richards, I believe this came up before you in September in the argument you heard on a different part of the statute. One of the options under the brackets is you can say heroin or cocaine, but you can also just say a controlled substance when you're instructing the jury in Virginia, which I submit is further proof, along with the indictment, that the jury does not need to find the identity of the specific chemical substance being to it heroin or methamphetamine. All of this goes to show, again, that to the extent that the statute is divisible under subsection C, it's divisible to Schedule I or II, just controlled substance, but not down to the heroin or meth level of et cetera. As to this case, as to Mr. Ward, in this case distributed one-sixth of one gram of cocaine. And instead of being charged in Virginia State court in the discretion of the attorney's office, which they have, he was charged in federal court and is a career offender. He is serving 120 months. And in this case, the government on page 98 of the joint appendix noted that they did not provide the indictment of his priors, his Virginia State priors that we're discussing. And so here, even if this Court is inclined to find divisibility in the way that we submit is not the legal interpretation we favor, in this case, the government has not met its burden under Shepard, which — Can we take a step back under Mills? Yes. And talk a little bit about why — I mean, you've sort of begun, as I sort of interpret, at Stage 2, right? Yes. That the categorical approach applies and that this case is like the last case. Can we take the step back to Step 1? Mills seems to instruct us, and we're bound by it. You can ask later to overturn it, but we'll take it as a given, how we apply the categorical approach here after Mills. Mills seems to tell us we do not apply the categorical approach in this particular subjection of the Guidelines. So I don't — I have multiple answers for that, Your Honor. Yes. I want to hear them all. Thank you. Or at least as many as we've got time. Okay. So I promised to get to Mills. Under Dozier, Dozier is the attempt case from this Court, Section 4B1.2 of the Guidelines with respect to the meaning of controlled substance offense. So that is exactly our question in this case, says you apply the categorical approach when you are determining what is a controlled substance offense for purposes of 4B1.2 of the Guidelines. So that is clear. Mills, I thought, was more about how you pick a meaning of counterfeit or controlled in our case. So there, Mills is about counterfeit substances and we are about controlled substances. When — But those words, they're right by each other, right? I mean, the definition of — Certainly are. I mean — So, yes. However you define controlled substance, you combine counterfeit the same way. Whatever approach you use, I don't understand how they would be different from a logical perspective. I agree that the categorical approach applies to both of them. I would disagree from a statutory interpretation perspective, Your Honor, and here's why. So, but I will say, your categorical approach question has been answered by both Alfaro and by Dozier. The categorical approach, whether modified or not, applies to this section of the Guidelines. With regard to counterfeit versus controlled, Mills answered the counterfeit question very clearly. I'm not asking you to overturn it, nor will I ask the Court to overturn it. Why isn't the rationale equally applicable? So — When you look at the — if I could, just one sec. Look at the language of Mills where the Court says at page 224, The Sentencing Commission, by specifying Federal and State violations, serve as a predicate offense for career offender status, clearly intended for repeat offenders of both State and Federal counterfeit crimes to be subject to an enhanced sentence. Why isn't that the case here? In other words, I just worry about your approach reading State law out of the Guidelines provision. So I think the best answer for that, Your Honor, is given by the Second Circuit in Townsend, which is to say that if the — if the commission in the 4B1.2 definition of controlled substance offense wanted to include every substance controlled by a State law as opposed to — because it does say controlled substance offense under Federal or State law. If they wanted to include every substance controlled under every State — so what Judge Richardson was told by counsel in September, I'm not going to say, I haven't Right. Yeah, but aren't we talking about a definition of controlled substance offense? And it seems to me that that's where the case — this case reaches the fork in the road, because the Second Circuit's analysis talks about what's a controlled substance. But the Guidelines definition is of controlled substance offense. And if it is controlled substance offense, why isn't State law, which is referred to in the Guidelines, defined? Why does it matter what's in the Federal schedules? So the definition you're talking about refers to State law only as to the offense and not as to the substance. There is no definition of controlled substance at all in the Guidelines. So the courts have to provide one. And that's where you get to the question Townsend answered, which is, okay, what does controlled substance mean? We have no definition in the Guidelines. Substance is matter. It's controlled. It just means controlled by law. But it still doesn't answer, though. It says an offense under Federal or State law. An offense under Federal or State law. But that doesn't answer what controlled — that doesn't answer controlled substance. And as the courts said in Townsend — What a controlled substance offense is, it's an offense — under this Guidelines definition, it would seem to me, is a defense — excuse me, an offense that is defined under State law or Federal law. The offense, but not the controlled substance. It doesn't say who the — so, for example, here's — as I've already said, the controlled substance, it doesn't say controlled by who. So, for example, if you're just going on a plain language definition, which is what Alfaro and also my colleague in the government argues for, alcohol is a substance controlled by law. Tobacco, you know, we're in Richmond. Tobacco is — But it's not a controlled substance offense. But according to whom? I mean, if we were just going on a plain language definition of controlled substance, it is a matter that is controlled by law. Alcohol, tobacco, plastic bags. I mean, there's lots of matter controlled by law. So, controlled substance has to be controlled by somebody. And the Federal Controlled Substances Act is the best definition of that. Because otherwise, plain language doesn't mean anything. There is no — What's being defined in 4B12B? The definition is of the offense. Of controlled substance offense. Correct? But without providing a definition of what is a controlled substance. It could be — what is to say it disallows alcohol and tobacco from that? There's no definition whatsoever of controlled substance. So, a matter that is controlled by law could be anything in the absence of a definition, which is why going under, for example, Taylor or Escobar-Santana, going to the Federal Controlled Substances Act and looking to federal law for the meaning of controlled substance is the best answer because it's clear and it's provided and it's consistent everywhere. This is consistent with the categorical approach going back now 29 years. Because, again, controlled substance, apart from being the modifier of offense and controlled substance offense, has no provided meaning. There's no definition of controlled substance. And Black's Law Dictionary doesn't help. It just says controlled by law. But what we're asking this court to do is pick which law. Is it 51 jurisdictions' schedules or is it the Federal Controlled Substances Act and the schedules they're under? That's the question. Controlled by whom? That doesn't have an answer in the guidelines. And so the government's trying to move under state law from the offense definition to a definition that doesn't exist. They're the ones that are trying to move language around and add words, which is the thesis of their brief. But there is no definition to add it to. So we're saying that the Federal Controlled Substances Act is, under federal law, the best way to answer the federal sentencing law question of what is a controlled substance offense. If I read, just sort of hypothetically, if I read Dozier, which doesn't cite to Mills or have any discussion about Mills, it deals with a different part of 4B12. Mills deals with counterfeit. It deals with whether an attempt is included or not. It's not interpreting controlled substance is what I'm saying. Dozier. A different part of it does, but correct. Right. Okay. Then, and I sort of look at those two and I say, well, Dozier doesn't cite it but seems inconsistent with Mills. And then just accept this as the hypothetical. And so I believe Mills, as the prior case, binds us over Dozier. Do you have an argument under that hypothetical, or would that hypothetical sort of be a full stop? Right. We're back to where we were. Here's why I don't think Mills binds you, this court, as to the definition of controlled substance offense as opposed to counterfeit substance offense. But before you get to that question, which is the challenge to the hypothetical, answer the hypothetical first. Assume I disagree with that. Assume I think Mills governs. Okay. Right? In defining what's a controlled substance offense. Do you have an argument to prevail accepting that as the hypothetical? If Mills defines controlled substance offense, do I win? Correct. We define controlled substance the same way Mills defined counterfeit, in the same manner. Does that sort of end of the case? I'm not saying it does control. I'm just saying if that's true, is this sort of case over? I would win on my divisibility arguments, but not on the 4B1.2 arguments. But because the government didn't provide Shepard documents in my case. Oh, not the divisibility arguments. No, I'm sorry, on my Shepard argument. The Shepard. Sorry. Although the problem you've got there is that then under Mills, it's not a Shepard analysis, right? I mean, we're not limited to Shepard documents under Mills, right, because it's not a modified categorical approach. So it would categorically just apply? I'd have to think about that. Can I think about that and get back to you? No, no. You don't have to get back to me. I'm just curious. Yeah. Okay. You're totally good. So, and then the reason I would say, and I think we spelled this out in probably our reply brief, I think that Mills doesn't control because the counterfeit substance, and again, I'm not asking you to overrule Mills. I think counterfeit substance and controlled substance are different enough because counterfeit is a word that has a meaning. It means fake. And that has a plain meaning. So under Alfaro or any of the plain meaning cases, even using a categorical approach as Alfaro did, you can go to the plain meaning of a word like counterfeit and understand what is a fake substance, whereas as I was just discussing, controlled has no meaning outside of law. And so the court has to decide what is a controlled substance because the guideline doesn't define it, whereas the Mills court can decide what is a counterfeit meaning among the federal definitions. I thought the federal system did define what a counterfeit was. Yes, and that's my point. So there is a meaning and a definition of counterfeit, and this court chose among the federal definitions. It rejected the proposed one of Mr. Mills and took a different one. But it did that to find the plain meaning, right, not because the federal definition controlled. And so, I mean, I'm still having trouble seeing why controlled substance and counterfeit substance are different. Counterfeit only has meaning by virtue of law, right? I mean, counterfeit is not an independent value, right? It is either counterfeit under law or not counterfeit under law. Controlled is either controlled under law or not controlled under law. Judge, I think I disagreed with that, Your Honor, actually philosophically. I think a substance can be a counterfeit like fake substance. Counterfeit and fake are words that have meaning without regard to law. I mean, if you could watch the same thing. Well, fake has independent meaning, but counterfeit to me is a legal term that you're converting to fake, which is rough equivalence, but you could do the same thing with controlled, right, illegal. I think this is where I have a philosophical difference. I think if you were talking about handbags and you walked up to somebody and said, you know, this is a counterfeit Gucci bag, you can look up the word counterfeit in Black's Law Dictionary or wherever and you can translate counterfeit into fake, whereas ours is controlled substance. Controlled substance doesn't mean anything except controlled by law to me. It doesn't mean illegal. Not all controlled substances are illegal. Alcohol is not illegal, but it's controlled. The government decides who can and cannot have it, so it's not illegal for me because I'm above the age of 21. It is illegal for my toddler niece, right? So controlled is only relevant by virtue of its legal meaning, whereas counterfeit is a word that has a plain meaning independent of the law. That's the distinction. That's the distinction to me between Mills and this case. If I don't buy that, then I'm stuck with Mills, and then you're thinking about my answer. But that's the distinction. I'm not trying to say I don't believe it. I like to think about sort of a decision point, right? So the decision point is either I agree that those are so different that Mills doesn't apply because of the nature of the word counterfeit versus controlled, or Mills does control, and then you've got a tough argument, but I understand what it is. They didn't meet their burden even under Mills. So in answer to that question, I would say I do believe that the word controlled is different as a matter of law because it's by law. The other thing I would say is, I mean, we would just ask the court, I don't think that you could describe Mills as having a current circuit split with Townsend, and if you follow Mills down the road to this case, then you will be creating a circuit split with Townsend. Well, but if we don't, then we've created a fourth circuit split between Mills and this. Unless we buy your distinction. Correct. So I see that my time expired. I'm going to reserve the rest of my time for rebuttal. Thank you, Your Honor. Thank you. Mr. Cook. May it please the Court, I think there are three overarching questions here, the first being, in applying the career offender guideline here, do you have to match the federal and state drug schedules? The second is, assuming that you did, is the Virginia drug schedule or drug offenses divisible by drug type? And then the third would be, did we introduce evidence that would establish that this offense was a heroin offense that if the drug offenses under state law are divisible, shows that this was a drug offense that falls under the federal schedules? Taking the last question first because it's very easy, on joint appendix page 51 to 52, the government introduced the trial and sentencing order that shows that this was a heroin offense. And so I think that answers that question. The first question is, do you have to do the matching of drug schedules between federal and state law? And in the immigration context, 1227A2B defines a controlled substance conviction by referring to a controlled substance, and then it puts in parentheses as defined by Section 802 of Title 21. Courts have looked at that language and said, that language directs the court to the federal definition of a controlled substance. And that, in those scenarios, is putting you in the world of having to compare drug schedules. That language is absent from the career offender guideline. And when this court in Mills looked at the definition of counterfeit substance, this court said, we're not going to go to 8027, which has the federal definition of counterfeit substance. We're not going to import that into the guideline. The guideline doesn't refer to it, and we're not incorporating it in. The guidelines do lots of cross-referencing. They didn't do it here. The defendant says, essentially, well, when the guideline referred to the career offender guideline, controlled substance, immediately before counterfeit substance, now you do go to 8027, which is the federal definition of controlled substance, and apply that, even though the next set of words, counterfeit substance, you didn't go to 8026. And that just doesn't make any sense. If we follow that decision point, just accept that, then the path we go, in essence, is right back to your first point, which is we're still looking at the same information you put in, but to determine whether you met your burden to establish the plain meaning of what a controlled substance offense is, but the framework is slightly different, although you would say probably, in this case, immaterial, whether Mills controls or whether the modified categorical controls. Right. I mean, if this court, and I think I'm following your question. I want a very good question. If the court said the Virginia drug schedules are divisible, and agreed with us that what's a joint appendix 51 to 52, which is the judgment of conviction that shows that he was convicted of possession with intent to distribute heroin, that the Virginia drug schedules are divisible, we have a heroin offense, that falls under the federal schedule, the government would win. And you wouldn't reach the first question, which is, do you have to do this comparison? You might have to reach it, but the result wouldn't be different. That's correct. Going back to the first question, under the career offender guideline, do you have to have this matching of drug schedules? I think the defendant's lead argument is Townsend, and Townsend, in turn, is applying what they refer to as the Jerome presumption. And so that, I think, is their lead argument here. And I think the Second Circuit got off on the wrong foot about applying the Jerome presumption here. The Jerome presumption, which is essentially that you're not going to make the application of a federal act depend on state law, it's really bizarre to apply that to a statute or, here, a guideline. By its terms, it's covering state offenses. And, you know, one simple illustration of this would be, we're all familiar with the Armed Crew Criminal Act. It's got the enumeration of burglary, arson, extortion. Those provisions are meant to cover state crimes. If you were to apply a Jerome presumption to those, you would say, we're going to use a federal definition of burglary, not the generic one the Supreme Court created. We're going to apply a generic definition, or we're going to apply the federal definition of arson. We're going to apply the federal definition of extortion. That's just not done. And, instead, we've got a set of generic offenses. Let's consider what would happen if courts were to say that, really, what the guideline here, 4B1.2, is doing is not a use, import the federal standard. It's not the plain meaning standard that Mills used for counterfeit substance. Instead, it's you courts create generic drug trafficking offenses. And what you would be doing, then, is going out and surveying 50 states' drug schedules, figuring out what the consensus drug schedule is, constructing it, and then trying to match a state's drug schedule to this federally created generic drug schedule. That makes no sense. It would be really burdensome. It would produce all kinds of inconsistencies. If that were what the commission wanted to do, they have the institutional competence to create some kind of a schedule that is their uniform schedule. But didn't they define it by the Controlled Substance Act? That's federal law, is what a controlled substance was. They just gave you a plain term. And they gave you something you could reference to. It's a list, isn't it, of the federal law. It doesn't list the drugs? No, it doesn't. In the immigration statute and in the Armed Career Criminal Act, it says a controlled substance, and then it puts in paren, as defined in Section 802 of Title 21. That language isn't present in the career offender guideline. And that's a meaningful difference. And in Mills, this court, when it looked at the adjacent term counterfeit substance, said we're not going to the federal standard here. We're just going to use the dictionary definition. And the very same reasoning should lead you to the same conclusion here, that you're just going to use a simple. But Mills looked at what counterfeit means and said that counterfeit was generic and not plain in its meaning, but it's still tethered to a controlled substance, isn't it? You have to know what a controlled substance is, correct? Do you have to know what a controlled substance is, what it is? Yeah, you have to have standard for it. And that standard is based on federal law, because Mills signed its circuit court cases, and in those cases they follow the federal definition of the crime. No, in Mills the- Do they not? Is that not correct? No, I don't think so, Your Honor. All right. Mills said when we've got to define counterfeit substance, there is a standard in federal law that tells us what counterfeit substance is under federal law. That definition is found in 21 U.S.C. 802.7. And the defendant said you should use that as your standard for what a counterfeit substance is. And Mills said we're not going to do that, because the guideline did not cross-reference that provision, which you see the cross-reference for controlled substance in these other statutes like the Armed Criminal Act, the immigration law, but it's just not present in the career offender guideline. And so they used the dictionary definition, which was, as it turns out, much easier to apply. And there is a Black's Law dictionary definition of controlled substance, which is any type of drug whose possession and use is regulated by law, and that's easy to apply. We look here at the- What law do you apply? It begs the question. It doesn't, because we know that here this defendant was convicted of heroin, possessing with intent to distribute heroin. We know that that is regulated. That's because now you're out, but categorically would you know that? Yeah, because that's just a matter of applying language and legal definition. So it's not a non-categorical approach in the sense that the categorical- How would you know that if you applied the categorical approach? How would you know what the indictment said? Well, so you ask yourself, does this involve a conviction for a type of drug whose possession and use is regulated by law? You go and look at the judgment of conviction here, and that shows you that this guy was convicted of a heroin offense. But Mills, we still use a categorical approach. We're not bound by Mills that says it no longer exists. We're not bound by that. Mills can't upend Supreme Court law. It just said we're looking at narrowly as a counterfeit. They said that it was a plain language. Mills didn't change the whole landscape of the law. It did not, and I don't think that- I think Mills supports us, and there's no tension with applying the categorical approach with Mills because- Maybe I could step back. The categorical approach doesn't tell you what the ultimate legal standard is going to be and what its- No, it tells you to look at the face of the charging offense and see whether or not there's a match that you clearly hear that you- Right. I mean, here's- This might help. If you had a requirement that you categorically determine whether an offense is a theft offense, that application of the categorical approach isn't going to tell you import in a threshold for the value of the thing stolen. It doesn't tell you how broad or narrow the particular standard is. It just says apply that standard categorically, looking at a universe of materials that doesn't require you to engage in a lot of fact-finding that isn't jury found. And you can do that with a simple definition. It doesn't have to be a complicated definition that spells out a whole enumerated list of scheduled drugs. Well, I'm confused about your position a little bit here, Mr. Cook. Okay. I thought you were saying the statute's divisible. Well, it is divisible. Right. And if you think that the career offender guideline says, go compare the state drug schedule with the federal drug schedule. If it's broader, then ask yourself whether the federal schedule is divisible. And then if it is divisible, look and see whether this defendant committed a divisible offense that falls under the federal schedule. If that's the analytical framework the court thinks you have to go through here, then we meet it. Well, what is your preferred approach? Are you preferring plain meaning, relying on the definition of controlled substance offense and the fact that the guideline is worded in the disjunctive federal or state law? Yes. Or are you advocating the divisible nature of these drug offenses, in particular the Virginia statute? Which is an analytically, from your perspective, more defensible position? Or are you saying they're both equally defensible? No. I mean, I think our view is that the plain meaning is the best interpretation of this guideline and that it's analogous to what this court did in Mills. But if you reject that, we still win under divisibility. So if you think you have to do the divisibility analysis, the Virginia law is divisible, and we introduced the sufficient evidence records to show that this was a heroin offense and, clearly, heroin is covered by the federal drug schedules. So we do win under that approach. But in terms of interpreting this guideline, under this court's precedent, the better interpretation of the guideline is that you don't do matching of the federal and the state drug schedules. You don't have to go down that road. But if the court says, no, we do have to go down that road, then the government still wins because the Virginia law in this case is divisible, and we showed in this case that this was a heroin offense, and so that answers that question. And I think that... So you're, just to make sure I'm clear, in a sense, you're saying, she says, no, no, no, no, Dozier tells us to look to the categorical approach. Your point is that under either version you've just laid out, it's a categorical or modified categorical inquiry. The only question is, what's the standard? Under the Mills approach, the standard is the plain meaning of the term. Under the alternative argument that you're making, we look to the federal law, 807, or 8027, whichever one it is. That's the counterfeit provision. Controlled substance is 806. 8026, right. Okay, 8026, we look to that definition, and then if we get there, but both of those are applying a version of categorical or modified categorical, it's only a question of what we're applying it against because categorical doesn't have meaning except for some definition. We've got to get a definition from somewhere. You're saying plain meaning. Your colleague is suggesting that it needs to be 8026, and you argue in the alternative you even prevail there, but you think the right answer is the plain meaning. Exactly, exactly. I would love to not have the categorical approach apply to the Career Offender Guideline. I think it is a very difficult framework to apply, but the cases have said repeatedly that that's the framework to apply. Maybe one day the Commission will amend the Gleinen and go in a different direction. If the Court doesn't have any further questions, I'm happy to see the rest of my time, but I don't want to have failed to address any questions the Court has. Thank you, Your Honor. We ask that you court affirm. Thank you, Your Honors. I have just a couple of quick points in response to my colleague. I would like to note first that while the judgment is in the joint appendix at page 51 and 52, as I noted in my opening, the government in this case did not provide the indictment, and I believe it was a plea. There was no jury instructions as to my client, and it's not clear to me. I'm sorry. You got a little quick on me. I apologize. They did not. I reread Shepard this morning. It is not clear to me that the judgment order is a Shepard document under Shepard. If you look at page 2526 of the Shepard decision, the documents that are listed as Shepard documents are charging documents, indictments, jury instructions, and findings of fact made by a judge. I'm not sure that the sentencing order that they put in the joint appendix that is in the joint appendix is sufficient to meet their burden under Shepard in this case. It's not. Exactly. Shepard is delineated as to what they are. It's extremely specific, Your Honor. And I reread Mathis as well, and Mathis has the same list. And judgment and sentencing orders, which is what they provided, are not among the documents listed in Shepard or Mathis. So I do not concede that they have met their Shepard burden, even not just as to proving the elements of the Virginia offense categorically, but even as to my client's sentencing, I do not concede that they have met their burden because they didn't provide the indictment. Did you – did your client – not you. I always say that, and I don't mean to because I know that it's not always true. Did your client object below that the document submitted was not a Shepard document? Yes. I believe it's at page 20 of the joint appendix, but that's the best I could do. I believe that that is true. I also might be getting my sights messed up. No, no. That's totally fine. I just – Yeah. I think that that's true, Your Honor. The only other two points I know – it's been a long morning. I would just like to note with respect to the Mills question again, Mills does say to go to the plain language dictionary definition, and not to sound like a broken record, but if you get to the dictionary definition in Blacks of controlled substance, it's defined by law. That does not answer which law. And under Taylor – There is no plain language. There is no plain language other than defined by law, and that just gets us back to choosing State or Federal law, which brings us back to begging the question of, please, you know, under Taylor, you don't default to the State law definitions of crimes. So for all the reasons that we've now been over, we would ask you to vacate the judgment of conviction as to Mr. Ward for all of the above reasons, or any of them. Thank you so much. Thank you, Your Honors. We'll ask the clerk to adjourn the court for the day, and then we'll come down and greet the counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Roger L. Gregory, Barbara Milano Keenan, Julius N. Richardson